United States District Court
Southern District of Texas

**ENTERED**

June 25, 2024

Nathan Ochsner, Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| DARREN TRAMELL HUGHES, | § | |
| # 1187105 | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-24-1897 |
| | § | |
| BOBBY LUMPKIN, | § | |
| | § | |
| Respondent. | § | |

### MEMORANDUM ON DISMISSAL

Darren Tramell Hughes, representing himself, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254.  On May 21, 2024, the Clerk's Office entered a notice of deficient pleading instructing Hughes to pay the filing fee or file an application for leave to proceed without prepaying fees, accompanied by a certified statement of his inmate trust account, within 30 days.  (Docket Entry No. 6).  The notice also instructed Hughes to submit his claims on a form approved for use by the Rules Governing Section 2254 Cases in the United States District Courts.  The Clerk included the forms that Hughes was to complete and return to the court.  On June 13, 2024, the notice of deficient pleading was returned to the court with the label "Attempted – Not Known, Unable to Forward."  (*See* Docket Entry No. 7).  Hughes has not otherwise complied with the Clerk's directive.

A district court may dismiss a lawsuit for failure to prosecute under Federal Rule of Civil Procedure 41(b).  *See* Fed. R. Civ. P. 41(b).  "This authority is based on the courts' power to manage and administer their own affairs to ensure the orderly and expeditious disposition of cases." *Lewis v. Sheriff's Dept. Bossier Parish*, 478 F. App'x 809, 815 (5th Cir. 2012) (per curiam) (internal quotation marks and citation omitted); *see also Gates v. Strain*, 885 F.3d 874 (5th Cir.

2018) (explaining that a district court may dismiss an action for failure to prosecute); *Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440–41 (5th Cir. 2016) (explaining that a district court may dismiss an action for failure to comply with court orders).

Hughes's failure to comply with the notice of deficient pleading or to keep the court informed of his current address forces the court to conclude that he lacks diligence in prosecuting this action. Therefore, under the court's general power to manage its docket, this case is dismissed without prejudice for want of prosecution. Hughes is advised that he may obtain relief from this order if he makes a proper showing under Rule 60(b) of the Federal Rules of Civil Procedure. At a minimum, a proper showing under Rule 60(b) includes payment of the filing fee or submission of an application for leave to proceed without prepayment of fees accompanied by a certified statement of his inmate trust account, as well as submitting his claims on a court-approved form.

This case is dismissed without prejudice. Any pending motions are denied as moot. To the extent such is necessary, a certificate of appealability is denied.

SIGNED on June 25, 2024, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge